UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
:
JODIAN HILL, *on behalf of himself and others similarly* :
*situated*, :
: 19-CV-2277 (JMF)
Plaintiff, :
: <u>ORDER OF DISMISSAL</u>
-v- :
:
STEPHEN EINSTEIN & ASSOCIATES, P.C., et al., :
:
Defendants. :
:
---------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

    In this case, brought pursuant to the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the common law, federal jurisdiction at the time of removal was premised on federal question jurisdiction, pursuant to 28 U.S.C. § 1331. *See* Docket No. 1, ¶ 3. Since removal, all claims against two of the Defendants — Stephen Einstein & Associates, P.C. and Credit Acceptance Corporation — have been dismissed. *See* Docket No. 9. According to the parties, the only remaining "cause of action against Progress Process Service Inc.," the only remaining defendant, "does not involve a federal claim, and is based upon a violation of state law." Docket No. 13; *see also* Docket No. 2-1. Thus, the parties "agree[]" that the case must be remanded to state court. *See* Docket No. 13.

    The Court is somewhat puzzled by the parties' assertion that the only remaining cause of action against Progressive Process Service Inc. ("Progressive") does not include a federal claim because the FDCPA claim in the Complaint appears to include allegations against Progressive. *See* Docket No. 2-1, ¶¶ 62, 65. But, in light of the parties' "agreement" that the case should be remanded and their representation that the federal claim does not include Progressive, *see* Docket No. 13, the Court will treat the parties' agreement as a stipulation of dismissal of the federal FDCPA claim against Progressive. If either party believes this treatment of the federal claim is inappropriate, it shall inform the Court by letter no later than **May 30, 2019.**

    Assuming that the federal claim has been dismissed, under Section 1367, a district court has discretion over whether to exercise jurisdiction over state-law claims. *See* 28 U.S.C. § 1367(c). A district court "may decline to exercise supplemental jurisdiction over [a pendent state law claim] if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine — judicial economy, convenience, fairness, and comity — will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *see also Kolari v. N. Y. Presbyterian Hosp.*, 455 F.3d 118, 123 (2d

Cir. 2006) (reversing a district court decision to retain supplemental jurisdiction over state law claims after dismissal of the federal claim, citing "the absence of a clearly articulated federal interest"); *Marcus v. AT&T Corp.*, 138 F.3d 46, 57 (2d Cir. 1998) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well."). Applying this standard here, the Court declines to exercise supplemental jurisdiction over the remaining, purely-state law claims. There is no clearly articulated federal interesting remaining and, given that the Court has yet to even hold an initial conference, *see* Docket No. 4, little economy generated or convenience saved by exercising supplemental jurisdiction. *See, e.g.*, *Xiamin Zeng v. Augustin*, No. 17-CV-9988 (JMF), 2019 WL 1284274, at *2 (S.D.N.Y. Mar. 20, 2019) (declining to exercise supplemental jurisdiction partly due to "the relatively early stage of the case"); *Smith v. Bronx Cmty. Coll. Ass'n*, No. 16-CV-3779 (JMF), 2017 WL 727546, at *2 (S.D.N.Y. Feb. 23, 2017) (same).

Accordingly, the Court declines to exercise supplemental jurisdiction. The Clerk of Court is directed to REMAND the case to the Civil Court of the City of New York, Bronx County, and to close the case in this Court, without prejudice to the right of either party to move to reopen the case before **May 31, 2019,** if the parties' intention was not to dismiss the federal claim against Progressive. All pending motions are moot and all conferences (including the one scheduled for May 30, 2019, *see* Docket No. 4) are cancelled.

The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: May 24, 2019  
New York, New York

_____  
JESSE M. FURMAN  
United States District Judge